## W. C. SCRUGGS v. M. C. WILLIAMS & JAS. WILLIAMS.

DEED OF TRUST. *Satisfaction.* *Registration.* W. conveyed land to a trustee to secure a debt to S. After the maturity of the trust deed, W. conveyed the land by an absolute deed to S., in part payment of the debt. S. endorsed on the deed of trust that it was satisfied by the purchase of the land. After this transaction, but before the deed from W. to S. was registered, another creditor of W. had the land sold under execution and a sheriff's deed was made to the assignee of the purchaser. Subsequently S. took a deed from the trustee and had it registered. *Held,* that S. acquired the better title. That upon the satisfaction of the deed of trust, the title did not revert to W., subject to execution.

### FROM SEVIER.

Appeal in error from the Circuit Court of Sevier County. J. G. ROSE, J.

G. W. PICKLE and JEROME TEMPLETON for Scruggs.

J. C. HODGES, J. P. SWAN and J. M. MEEK for Williams.

McFarland, J., delivered the opinion of the court.

This action of ejectment was tried by the circuit judge upon an agreed state of facts, and judgment rendered for the defendants, from which the plaintiff has appealed in error.

The facts agreed to are as follows: The defendant, M. C. Williams, was the owner of the land prior to the 28th of January, 1858. On that day he conveyed to T. C. Brabson, by deed of trust duly registered, to secure a debt of $654.95, due to the plaintiff Scruggs, the deed providing upon its face that it was to be void in the event the debt was paid by the 28th of January, 1860, otherwise the usual power of sale was given. The debt remained unpaid until the 23d day of April, 1867, and on that day said Williams executed a deed purporting to convey the land absolutely to the plaintiff Scruggs; this deed, however, was not registered until the 18th of August, 1876.

On the same day the deed was executed, the 23d of April, 1867, as may be inferred, though the endorsement is without date, the following endorsement was made on the deed of trust: "This deed of trust is satisfied by the said Merton C. Williams selling the within described land to said William C. Scruggs for the sum of six hundred dollars and executing his note to the said Scruggs for one hundred dollars, dated the 23d day of April, 1867, the old note of $654.95, dated the 28th of January, 1858, is fully paid, and will be handed over to the said Williams. (Signed) William C. Scruggs."

"The note was handed over to M. C. Williams, $654.95, the 7th of July, 1867." That is to say, Williams sold the land to Scruggs in satisfaction of $600 of the trust debt, leaving a balance of $100, for which he executed his note.

Subsequent to this transaction but prior to the registration of the deed from Williams to Scruggs, to-wit, on the 30th of November, 1868, the land was levied upon under execution against M. C. Williams, in favor of Burchfield, was condemned, sold and purchased by H. G. Hodge, who took a sheriff's deed and subsequently conveyed to James Williams, who, with M. C. Williams, is in possession. After these proceedings, to-wit, on the 18th of August, 1876, the trustee, Brabson, conveyed the land to the plaintiff Scruggs, by deed then duly registered.

The other facts agreed to in relation to the lease of the land by Scruggs to M. C. Williams, after the sale of the latter to the former, and that M. C. Williams attorned to James Williams and Hodge, need not be particularly set forth.

The question is, who has the title upon these facts? His Honor, the circuit judge, was of opinion that by the transaction of the 23d of April, 1867, evidenced by Scruggs' endorsement on the original deed of trust, and Williams' deed to Scruggs, the debt secured by the deed of trust was extinguished and satisfied, and by operation of law the title reverted to said M. C. Williams, and although at the same time and as part of the same transaction the deed from Williams to Scruggs was executed, yet the deed—while good and

effectual to vest the title as between the parties—was void as to the creditors of said Williams until it was registered, and the levy of Burchfield being subsequent to the extinguishment of the deed of trust by the transaction of the 23d of April, 1867, but before the registration of Scruggs' deed from Williams, it fastened a lien upon the title which passed by the sale and sheriff's deed to Hodge, and consequently the defendant, James Williams, has the title.

It is perhaps true that technically a payment of the trust debt after the day fixed in the deed, does not operate to reconvey the title to the grantor, but it is well settled that after the payment of the trust debt, no matter when paid, the outstanding legal title cannot be set up even at law to the prejudice of the mortgagor or grantor. *Carter* v. *Taylor*, 3 Head, 30. And we think it may be conceded, that upon *the payment* of the trust debt, such title or right reverts to the mortgagor or grantor as may be reached by execution against him.

But the question here is, whether the transaction that was had was equivalent to a payment of the trust debt by Williams and a subsequent conveyance by Williams to Scruggs. For if Williams had in fact paid and extinguished the trust debt, and then sold and conveyed the land to Scruggs, then Scruggs could stand alone upon that deed, and his failure to register it would render him liable to be defeated by any one who might acquire an intervening right. And if the transaction that actually occurred in the present case was in legal effect equivalent to a pay-

ment and extinguishment of the trust debt by Williams
and a conveyance by him to Scruggs, then the con-
clusion of the circuit judge is inevitable. But in
reality there was no payment by Williams of the trust
debt, nor was there a subsequent sale of the land by
him to Scruggs. What the parties intended to do,
was to foreclose the deed of trust and cut off the
equity of redemption. The deed from Williams to
Scruggs was intended to pass only what then remained
in Williams, that is, the equity of redemption.

If the debt secured by the deed of trust was sat-
isfied and extinguished, it was only by virtue of the
conveyance or transfer of the equity of redemption by
Williams to Scruggs by the deed referred to; it was
certainly not otherwise satisfied. The endorsement of
satisfaction on the deed of trust was of itself not a
satisfaction; it was an acknowledgment of what was
supposed to be the legal effect of the transaction,
merely evidence of the facts; it sets forth the trans-
action as it had occurred, and it assumes as Williams
had released to Scruggs his equity of redemption, by
which the latter was to become the absolute owner
of the land, that as a result, in accordance with the
agreement of the parties, the original debt was satisfied
and extinguished. This endorsement cannot be regarded
of itself in the nature of a release or conveyance, nor
as misleading to creditors, it was not registered. On
the register's books the title stood in the name of
the trustee, and if creditors had acquired notice of it,
the facts fully appear, so they would have been noti-
fied, not of a payment and extinguishment of the trust

debt by which the title and beneficial interest was restored to Williams, but an extinguishment by release of the equity of redemption by which Scruggs was to become the absolute owner.

So we repeat, that if the trust debt was satisfied, it was alone by virtue of the conveyance by Williams to Scruggs of the former's remaining interest in the land. But it is said this conveyance was void as to creditors and passed nothing to Scruggs. Conceding that as an ordinary conveyance of land this is so, the question is, whether this conveyance, which was void as to creditors, yet had the effect to satisfy the original trust debt [and restore the title [and beneficial estate in the land to Williams; for it is well settled that creditors cannot levy upon the mere naked legal title of their debtor where he is not the real owner.

What the parties intended to do was to divest Williams of his remaining equity of redemption. It is said that in this they failed altogether by reason of their failure to register the deed; but while for this reason they failed to accomplish what they intended, they nevertheless succeeded by the self-same act in accomplishing precisely what they did not intend, that is, in restoring the title and beneficial interest to Williams, and left it there for the benefit of his creditors. For it must be borne in mind that the question is not whether Scruggs obtained a perfect legal title by the transaction, but whether the title and estate was restored to Williams so that it was subject to the seizure of his creditors.

If this had been a mortgage (instead of a deed of

trust), vesting the title in Scruggs, then it could hardly be contended that a conveyance by Williams to Scruggs, not registered and for that reason inoperative as to creditors, would at the same time be effectual to satisfy the mortgage and restore the land to Williams for the benefit of his creditors, and we do not see that there is any sounder reason for holding such to be the effect of the deed in this case, although the title was in a trustee. We concede that the case of *Huffaker* v. *Bowman*, 4 Sneed, 89, and *Stubblefield* v. *Sunderland*, MS., are not precisely in point, but they tend to strengthen our conclusion. We hold that no such title was restored to M. C. Williams by the transaction as could be seized and sold under the execution against him, and the p'aintiff having subsequently perfected his title by a conveyance from the trustee, had the better right.

The judgment will be reversed, and judgment rendered for the plaintiff.